```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

DONNA Y. KNEZEVICH                          CIVIL ACTION

VERSUS                                      NO: 06-6066

LOCKHEED MARTIN CORP.                       SECTION: "A" (5)
```

## ORDER AND REASONS

Before the Court is a **Motion for Summary Judgment (Rec. Doc. 10)** filed by defendant Lockheed Martin Corporation.  Plaintiff, Donna Y. Knezevich, opposes the motion.  The motion, set for hearing on July 11, 2007, is before the Court on the briefs without oral argument.  For the reasons that follow the motion is DENIED.

### I.    BACKGROUND

Donna Y. Knezevich ("Plaintiff") is suing her former employer, Lockheed Martin Corporation ("Defendant"), for gender and age discrimination under Title VII and for violations of the Equal Pay Act.  Plaintiff contends that in addition to her "regular" job duties as a senior manager she was assigned the duties of a director.  Plaintiff contends that the director's position entitled her to significant additional compensation which she was denied.  Plaintiff contends that males who were similarly situated received additional compensation.

Plaintiff filed the instant suit on September 18, 2006.

Defendant contends that Plaintiff did not file a charge with the EEOC within 300 days of the alleged discrimination as required by law. Defendant moves for summary judgment on the timeliness issue seeking dismissal of Plaintiff's complaint.

In opposition, Plaintiff argues that the EEOC charge was timely filed in April 2006 and that Defendant's arguments are based on a "verified" charge which relates back to the original filing date.

## II.  DISCUSSION

The parties agree that Plaintiff was required to file a charge with the EEOC *as to the Title VII claims* within 300 days of when the alleged employment practice occurred.[1] Plaintiff held the acting director's position until July 14, 2005, when she was suspended for failing to report an incident of workplace violence. (Def. Exh. 2). Thus, if Plaintiff filed her charge on May 18, 2006, as Defendant contends, then her charge was untimely.

The record contains a "charge questionnaire" and "supplemental intake questionnaire," both dated March 29, 2006.

---

[1] A Title VII complainant generally has 180 days from the time of the alleged unlawful employment practice to file a charge with the EEOC but a 300-day filing period applies if the charging party institutes proceedings with a state or local agency with authority to redress unlawful employment practices. Edelman v. Lynchburg College, 535 U.S. 106, 109 n.1 (2002) (quoting 42 U.S.C. § 2000e-5(e)(1) (1994)).

(Pla. Exh.-no number).  Plaintiff attests that she mailed the forms to the EEOC on April 11, 2006, and that on April 20, 2006, the EEOC confirmed receipt of the documents.  (Pla. Exh. A ¶¶ 6, 9).  Plaintiff then participated in a telephone interview with an EEOC investigator and shortly thereafter received a completed EEOC Form 5 Charge form which Plaintiff was to review, correct, and sign. (Id. ¶¶ 10-12).  The final product of this endeavor or the "charge" was signed by Plaintiff on May 18, 2006.  (Id. ¶ 17; Pla. Exh.-no number).

The Title VII statutory scheme does not define a "charge." Edelman, 535 U.S. at 112.  However, 29 C.F.R. § 1601.12 provides that a charge *should* contain *inter alia* pertinent names and dates, and a clear and concise statement of the facts constituting the alleged unlawful employment practice.  29 C.F.R. § 1601.12(a).  The regulation goes on to provide that a charge is sufficient when the Commission receives from the complainant a written statement sufficiently precise to identify the parties, and to describe generally the action or practices complained of. Id. § 1601.12(b).  Further, the charge can be amended to cure defects or omissions and to add a verification or additional acts of discrimination related to the original statement.  Id.  Such amendments relate back to the date the charge was first received. Id.

3

Without a doubt the initial documents that Plaintiff sent to the EEOC in late March 2006, contain all of the information required to constitute a charge for timeliness purposes.  The May 18, 2006, charge that forms the basis of Defendant's motion is simply the refined and verified charge that Plaintiff later completed with the help of the EEOC investigator.  The law is clear that for timeliness purposes Plaintiff's "charge" was filed in late March 2006, or at the latest early April of that year, when Plaintiff first sent the "charge questionnaire" and "supplemental intake questionnaire" to the EEOC.  These documents are detailed and contain all information required under the federal regulations.  Plaintiff's charge was timely because she filed it within 300 days of July 14, 2005.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion for Summary Judgment (Rec. Doc. 10)** filed by defendant Lockheed Martin Corporation should be and is hereby **DENIED.**

July 18, 2007

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE

4